IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:20-CV-255 |
| 0.730 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND MARTIN RICARDO GARZA, ET AL., | § § § § § § | |
| *Defendants.* | § § | |

### NOTICE OF DISMISSAL PURSUANT TO FED. R. CIV. P. 71.1(i)(1)(A)

TO THE HONORABLE COURT:

In accordance with Fed. R. Civ. P. 71.1(i)(1)(A), the United States ("Plaintiff"), respectfully files the Notice of the Dismissal of this case and requests this Court issue an order of dismissal.

## I. INTRODUCTION

1. Plaintiff is the United States of America ("Plaintiff"); named interested parties and purported property owners pursuant to the Amended Schedule "G"[1] of the Declaration of Taking and Complaint in Condemnation and July 13, 2021 Court Order[2] are: San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza, Deonicia Alvarez Garza, and Unknown Heirs of Wenceslao Garza.[3]

---

[1] Dkt. No. 35.
[2] Dkt. No. 38.
[3] Ameida Salinas, Starr County Tax Assessor was also included as an interested party due to back taxes owed on the Subject Property. Ameida Salinas, Starr County Tax Assessor submitted a waiver of service of judicial process. (Dkt. No. 11).

2. On September 2, 2020, Plaintiff filed the Declaration of Taking and Complaint in Condemnation[4] for a fee simple interest in Tract No. RGV-RGC-5063 (hereinafter referred to as the "Subject Property"). The interest and Subject Property are more particularly described in Schedules "C", "D", and "E" of the Declaration of Taking and Complaint in Condemnation.[5]

3. Plaintiff initiated the present condemnation proceeding to acquire this parcel of land—RGV-RGC-5063—to facilitate border barrier construction. This particular action was one part of a project intended to erect a barrier covering approximately twenty miles, paired with additional attributes such as access roads, surveillance technology, lighting, and a Linear Ground Detection System.

4. Because of the rescoping and re-planning process called for by the *DHS Border Wall Plan Pursuant to Presidential Proclamation 10142*, the United States does not presently require this parcel of land. Whether the United States may need this tract in the future—including for non-border barrier security projects, such as surveillance technology, lighting, and roads—will be decided following the rescoping and re-planning process described in the Plan.

5. At this point, however, as the United States does not hold title to this parcel of land and has not deposited money with the court to secure title—and given the landowner's preference to retain the land—support dismissal without prejudice of the condemnation proceeding.

## II. ARGUMENT

6. Plaintiff seeks dismissal of the entire action pursuant to Fed. R. Civ. P. 71.1(i)(1)(A). The United States has conferred with Defendant, San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza, who has advised that she is not opposed to dismissal of this action.

---

[4] Dkt. Nos. 1 and 2.
[5] *Id*.

7. In this case, no compensation hearing on this Property has begun. Plaintiff has not deposited any money into the registry of the court and therefore, has not acquired title. Moreover, Plaintiff has not yet acquired possession. Lastly, Plaintiff has not exercised control over any portion of said Property.

8. Pursuant to Fed. R. Civ. P. 71.1(i)(1)(A), the Property identified as RGV-RGC-5063 is described as follows:

> Being a 0.730 of one acre (31,794 square feet) parcel of land, more or less, being out of the Juana Josefa Gutiérrez Survey, Abstract No. 84, Porción 72, ancient jurisdiction of Camargo, Mexico, now Starr County, Texas, being out of a called 8.889 acre tract designated as Share 6 in the Final Decree of Partition recorded in Volume 88, Page 470, Deed Records of Starr County, Texas, being the same tract of land conveyed to Deonicia Alvarez Garza (Undivided Interest) by Warranty Deed recorded in Volume 372, Page 381, Deed Records of Starr County, Texas, and being out of a called 46.3293 acre tract conveyed to Martin Garza by Deed of Gift recorded in Volume 965, Page 344, Official Records of Starr County, Texas.

### III. DISMISSAL

7. Plaintiff, United States of America, gives notice of the dismissal of this action, pursuant to Fed. R. Civ. P. 71.1(i)(1)(A).

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney
Southern District of Texas

BY: s/ *Alyssa Iglesias*
ALYSSA IGLESIAS
Assistant United States Attorney
Southern District of Texas No.: 3610302
Florida Bar No.: 103383
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9351
Facsimile: (956) 992-9425
E-mail: Alyssa.Iglesias@usdoj.gov
Attorney-In-Charge for the United States of America

## CERTIFICATE OF SERVICE

I, Alyssa Iglesias, Assistant United States Attorney for the Southern District of Texas, hereby certify that on July 15-19, 2021, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

BY:  s/ *Alyssa Iglesias*
ALYSSA IGLESIAS
Assistant United States Attorney