United States District Court
Southern District of Texas
**ENTERED**
July 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00255 |
| | § | |
| 0.730 ACRES OF LAND, more or less, | § | |
| IN STARR COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court now considers the United States' notice of dismissal[1] filed on July 15, 2021. In its July 1st order, the Court noted that no deposit had been made in this case despite an affidavit signed by Loren Flossman of U.S. Customs and Border Protection swearing that estimated just compensation had been deposited.[2] In light of this, the Court ordered the United States to deposit just compensation in the Registry of the Court no later than July 15, 2021, or the Court would dismiss this case.[3] In lieu of a deposit, the United States filed a notice of dismissal under Federal Rule of Civil Procedure 71.1(i)(1)(A).[4] Under the Rule:

> [i]f no compensation hearing on a piece of property has begun, and if the plaintiff has not acquired title or a lesser interest or taken possession, the plaintiff may, without a court order, dismiss the action as to that property by filing a notice of dismissal briefly describing the property.

---

[1] Dkt. No. 41.
[2] Dkt. No. 37 (citing Dkt. No. 2).
[3] Dkt. No. 37.
[4] Dkt. No. 41.

Here, as no compensation hearing has begun and the United States has not yet acquired title[5] or a lesser interest or taken possession of the subject property, this notice[6] effectively dismissed this case **without prejudice.**[7] No further action by this Court is necessary. All deadlines and conferences in this case are **CANCELLED**. The Clerk of the Court is instructed to close this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

[5] Because the United States did not deposit just compensation, title did not automatically vest with the filing of the declaration of taking. *See* Dkt. No. 37; 40 U.S.C. § 3114(b); *see United States v. Dow*, 357 U.S. 17, 23 (1958) (holding that title vests in the United States).
[6] Dkt. No. 41.
[7] Fed. R. Civ. P. 71.1(i)(3) ("A dismissal is without prejudice unless otherwise stated in the notice, stipulation, or court order.")

2/2